## CHARLES C. BIER *v.* HIS CREDITORS.

An insolvent cannot recover from the syndic, tools of his trade, which he, of his own accord, permitted to be included in his schedule.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
    *Mott & Fraser,* for plaintiff and appellant. *Clarke & Bayne,* for syndic. *T. B. Hart,* attorney for absent creditors.

DUFFEL, J. *Charles C. Bier* applied to the Judge of the Fourth District

BIER
v.
HIS CREDITORS

Court of New Orleans, for a respite, which was refused by his creditors. Annexed to his petition is a statement of his liabilities and of his property, sworn to, *verbatim*, as required by the 5th section of the Act relative to the voluntary surrender, &c. Acts of 1855, p. 532.

The insolvent took, subsequently, a rule on the syndic of his creditors, to show cause why certain tools, which he avers are necessary to enable him to carry on his trade, should not be returned to him. This appeal is taken from a judgment dismissing said rule.

The 4th section of the above Act of the Legislature declares : " That the debtor *is not obliged* to comprehend in his surrender any property that is not subject to be seized and sold on execution against him," and the 8th section states, " that all the property of the insolvent debtor, mentioned in the schedule, shall be fully vested in his creditors," &c.

The evidence shows, that the insolvent retained and still holds in his possession a set of carpenter's tools, and *non constat*, that the syndic is in possession of any other tools than those voluntarily surrendered by the insolvent.

From the above statement of facts, it is clear that the insolvent cannot now recover the tools which, of his own accord, were included in his schedule.

Judgment affirmed, with costs.